UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

BRENITAZE MOORE,

                    Petitioner,                      Case No. 2:17-cv-4

v.                                                   Honorable Paul L. Maloney

CATHERINE S. BAUMAN,

                    Respondent.
_____/

## <u>REPORT AND RECOMMENDATION</u>

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Petitioner Brenitaze Moore is incarcerated with the Michigan Department of Corrections at Alger Correctional Facility (LMF) in Munising, Alger County, Michigan.  Petitioner pleaded guilty in the Wayne County Circuit Court to assault with intent to murder and felony firearm.  On June 2, 2015, the court sentenced Petitioner to respective prison terms of 6 to 20 years imprisonment for the assault conviction and 2 years imprisonment for the felony firearm conviction.

On January 5, 2017, Petitioner filed his habeas corpus petition.   Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner contends that he placed his petition in the prison mailing system on January 5, 2017, and his mail was postmarked the following day on January 6, 2017.  (Pet., ECF No. 1, PageID.14-15.)

The petition raises two grounds for relief, as follows:

I.      Petitioner is entitled to withdraw his plea where there is an insufficient factual basis to support a conviction of assault with intent to murder.

II.     Petitioner is entitled to relief because the trial court made a void judgment that violated the Equal Protection Clause.

(Pet., ECF No. 1, PageID.7-13.)  Respondent has filed an answer to the petition (ECF No. 9) stating that the grounds should be denied because they lack merit.  Respondent also states that Petitioner failed to exhaust his state court remedies with regard to claim II.  In addition, Petitioner has filed a reply to the response (ECF No. 11), as well as a supplemental pleading entitled, "Petition for Relief from a Conviction or Sentence by a Person in a State Custody under 28 U.S.C. § 2254 for Writ of Habeas Corpus" (ECF No. 12).  Upon review and applying the standards of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA), I find that the grounds are lacking in merit.  Accordingly, I recommend that the petition be denied.

Petitioner states that on May 13, 2015, he pleaded guilty to assault with intent to murder, MCL 750.83, and felony firearm, MCL 750.227b(a).  Petitioner's sentencing was held on June 2, 2015, by Judge Timothy Kenny.  During the plea colloquy, Petitioner informed the court that he fired a rifle at Patrick Flemming five times.  Petitioner's defense counsel asked the court whether Petitioner had to admit certainty of the intent, and the court responded: "I think if you fire five times at somebody, I think the reasonable inference is you're trying to kill them."  The court then accepted Petitioner's plea.  Petitioner's request to withdraw his plea was denied on January 22, 2016.  Petitioner filed an application for leave to file an appeal, which was denied for lack of merit by the Michigan Court of Appeals on March 28, 2016.  Petitioner's subsequent application for leave to appeal to the Michigan Supreme Court was denied on September 6, 2016.

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined

by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).  This standard is "intentionally difficult to meet."  *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court.  28 U.S.C. § 2254(d).  This Court may consider only the holdings, and not the dicta, of the Supreme Court.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts.  *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002).  Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court.  *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011).  Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits.  *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06).  "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims."  *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

3

The AEDPA requires heightened respect for state factual findings.  *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998).  A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.  This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court.  *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Petitioner claims that he should have been allowed to withdraw his guilty plea because the factual basis elicited was insufficient to support a conviction of assault with intent to murder. Petitioner states that he was never asked about his intent at the time of the plea and that there was no evidence that he specifically intended to murder Flemming.  A state defendant has no constitutionally guaranteed right to withdraw a guilty plea.  *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989).  The only constitutional challenge that a habeas court may entertain with regard to a plea of guilty is that the plea was not entered in a knowing and voluntary fashion under the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969).  A habeas court is restricted to these federal principles, and may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas.  *Riggins v. McMackin*, 935 F.2d 790, 794-95 (6th Cir. 1991).

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself.  *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267.  A plea not voluntarily and intelligently made has been obtained in violation of due process and is void.  *See McCarthy v. United States*, 394 U.S. 459, 466 (1969).  Petitioner's claim does not challenge the power

4

of the state to bring him into court.  Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into.  *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

   The test for determining a guilty plea's validity is "'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  Courts assessing whether a defendant's plea is valid look to "all of the relevant circumstances surrounding it," *Brady v. United States*, 397 U.S. 742, 749 (1970), and may consider such factors as whether there is evidence of factual guilt.  While courts may consider whether a factual basis for a guilty plea exists in their assessments of its validity, it has generally been held that the Constitution does not require that they ensure such a basis exists.  *See Alford*, 400 U.S. at 31 ("Strong evidence of guilt may suffice to sustain a conviction on an *Alford* plea, and may be essential under Fed. R. Crim. P. 11, but it is not necessary to comply with the Constitution."); *see also Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000); *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983); *Thundershield v. Solem*, 565 F.2d 1018 (8th Cir. 1977);  *Edwards v. Garrison*, 529 F.2d 1374, 1376 (4th Cir.1975); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975);  *Freeman v. Page*, 443 F.2d 493, 497 (10th Cir. 1971).

   In order to find a constitutionally valid guilty plea, several requirements must be met. The defendant pleading guilty must be competent, *see Brady*, 397 U.S. at 756, and must have notice of the nature of the charges against him, *see Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976); *Smith v. O'Grady*, 312 U.S. 329, 334 (1941).  The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state- induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel.  *Brady*, 397 U.S. at 750; *Machibroda v. United States*,

5

368 U.S. 487, 493 (1962) ("A guilty plea, if induced by promises or threats which deprive it of the character of a voluntary act, is void."). The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. *Henderson*, 426 U.S. at 645 n.13; *Brady*, 397 U.S. at 755; *Machibroda*, 368 U.S. at 493 ("Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences.") (internal quotations and citation omitted). Finally, the defendant must have available the advice of competent counsel. *Tollett*, 411 U.S. at 267-68; *Brady*, 397 U.S. at 756; *McMann v. Richardson*, 397 U.S. 759, 771 & n.14 (1970). The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made. *Cf. Henderson*, 426 U.S. at 647 ("[I]t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."); *Brady*, 397 U.S. at 754 (suggesting that coercive actions on the part of the state could be dissipated by counsel). Ineffective assistance of counsel will render a plea of guilty involuntary. *See Hill*, 474 U.S. at 56-57.

        The only argument that Petitioner makes in support of his claim that he should have been allowed to withdraw his guilty plea is that he was never specifically asked whether he intended to murder Flemming at the time of the plea hearing. The requirement that the court establish a factual basis for a guilty plea is a creature of rule, not the federal Constitution. While states are free to adopt procedural rules requiring a factual basis as Michigan has done in Mich. Ct. R. 6.610(E)(1)(a), the United States Constitution does not mandate them to do so. *See Alford*, 400 U.S. at 37-38; *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *accord Meyers v. Gillis*, 93 F.3d 1147, 1152 (3d Cir. 1996); *United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc) (implicitly overruled on other grounds by *Custis v. United States*, 511 U.S. 485 (1994)).

        Moreover, intent can be inferred from one's actions. During the plea hearing, Petitioner admitted that he had fired his rifle at Mr. Flemming five times on the date in question, and

that he did not have any legal right to shoot at Mr. Flemming.  The trial court subsequently noted that "if you fire five times at somebody, I think the reasonable inference is you're trying to kill them." (ECF No. 10-7, PageID.157-158.)  During the hearing on the motion to withdraw the guilty plea, the trial court stated:

> In this particular case in the factual colloquy that took place between this Court and the defendant, the defendant was asked and did acknowledge that he fired a rifle five times at the complainant in the particular case, and he had no legal right to do so.
>
> I do think that it is certainly a reasonable inference to draw from those facts that when a rifle is fired five times at a particular individual, that there is an intent to kill that person.
>
> So I do believe that there is a factual basis to support Mr. Moore's guilty plea, and for those reasons the Motion to Withdraw the Plea will be denied.

(ECF No. 10-9, PageID.177-178.)  The undersigned concludes that for the reasons set forth above, Petitioner's claim that he should have been allowed to withdraw his guilty plea is properly denied.

Petitioner claims that he is entitled to habeas corpus relief because the trial court's judgment violated the Equal Protection Clause of the United States Constitution.  Petitioner states that the statutes he was charged with violating, MCL 750.83 and MCL 750.227(b)(a), fail to show the enacting authority on their face, rendering them void under Michigan's enactment clause.

As noted by Respondent in the answer, Petitioner failed to exhaust this claim in the state courts.  Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66;

*Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  According to Petitioner's supplement to the petition for habeas corpus relief (ECF No. 12), Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court, and that motion is currently pending. However, Petitioner did not raise this issue in that motion.  Because the motion for relief from judgment is currently pending, Petitioner may be able to amend his motion, so it appears that there is at least one available procedure by which to raise his second claim for relief.  Therefore, the Court concludes that he has at least one available state remedy.  However, as noted by Respondent, this unexhausted claim is entirely lacking in merit.  Therefore, the undersigned recommends dismissing it with prejudice.

Petitioner's claim that MCL 750.83 and MCL 750.227(b)(a) were not validly enacted under the Michigan constitution and that the statutes violate the separation of powers between branches of state government is not cognizable on habeas review because it raises an issue of state law.  The undersigned notes that "a federal court may not grant habeas relief based on 'a perceived error of state law .'" *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir.2000) (quoting *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)).

> As the Supreme Court long ago explained, "whether the statutes of a legislature of a state have been duly enacted in accordance with the requirements of the constitution of such state is not a federal question[.]" *Leeper v. Texas,* 139 U.S. 462, 467, 11 S.Ct. 577, 35 L.Ed. 225 (1891). Thus, petitioner's claim that the enactment of 1992 Mich. Pub. Act 181 was not proper under the Michigan constitution is not cognizable on habeas review. *See Swantak v. Governor,* No. 08–10939, 2008 WL 919624, at *1 (E.D.Mich. Apr.2, 2008) (Tarnow, J.); *Alsup,* 2008 WL 880000, at *1.

*Betzer v. Bell*, No. 08-10246, 2009 WL 230222, at *6 (E.D. Mich. Jan. 30, 2009).  Therefore, the undersigned concludes that Petitioner's second claim for relief is properly dismissed with prejudice for lack of merit.

On June 18, 2018, Petitioner filed a supplement to the habeas corpus petition in which he asserts several claims regarding the voluntariness of his confession to police at the time of his arrest. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett*, 411 U.S. at 267. The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267.  Consequently, a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceedings.  *See United States v. Stiger*, 20 F. App'x 307, 308-09 (6th Cir. 2001).  Petitioner's claims do not attack the voluntary or intelligent nature of his plea.  His claims have therefore been waived by his subsequent guilty plea.  *See Stiger*, 20 F. App'x at 308-09; *see also United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992).  Therefore, the undersigned concludes that the unexhausted claims that Petitioner raises in his supplemental pleading lack merit and are properly dismissed with prejudice.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be

considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, I have examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

I find that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims would be debatable or wrong. Therefore, I recommend that the Court deny Petitioner a certificate of appealability.

For the foregoing reasons, I recommend that the habeas corpus petition be denied. I further recommend that a certificate of appealability be denied.

Dated:    February 28, 2019                           */s/ Timothy P. Greeley*
                                                      Timothy P. Greeley
                                                      United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).