UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRENITAZE MOORE, #960770, )
            Plaintiff, )
 ) No. 2:17-cv-4
-v- )
 ) Honorable Paul L. Maloney
CATHERINE BAUMAN, )
            Defendant. )
 )

## ORDER ADOPTING REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner, Brenitaze Moore, under 28 U.S.C. § 2254. On February 28, 2019, United States Magistrate Judge Timothy P. Greeley issued a Report & Recommendation ("R&R") recommending that the Court deny Moore's petition (ECF No. 13). This matter is now before the Court on Moore's objection to the R&R (ECF No. 14). For the reasons to be discussed, the Court will overrule the objection, modify the R&R, and adopt the R&R as the Opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive, or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Moore's sole objection argues that the R&R erroneously states that his "claims do not attack the voluntary or intelligent nature of his plea." (ECF No. 13 at PageID.336.) This Court agrees.

Moore's supplemental pleading (ECF No. 12) argues that he was coerced into pleading guilty by trial counsel, Gary Jones, so his plea was not knowing or voluntary. Moore alleges that he told Jones he was not interested in pleading guilty, to which Jones replied "Okay, but I really want you to consider the plea offer and I will try to get you a better plea deal." (*Id.* at PageID.252.) A few days later, Jones informed Moore that he was still working on a plea agreement. In response, Moore reiterated that he did not want to plead guilty. Jones then informed Moore that if he did not take a plea deal and proceeded to trial, he was likely to receive a longer prison sentence upon conviction. Jones also informed Moore's

2

grandmother that the plea deal was likely to be favorable. Moore's grandmother then urged him to take the plea. Moore complains that this sequence of events left him with the impression that Jones was ill-prepared for trial, so he felt no option but to plead guilty.

Despite this discussion, the R&R states that Moore did not attack the voluntary or intelligent nature of his plea. The Court finds this conclusion incorrect: a plea that is produced by "mental coercion overbearing the will of the defendant" is not voluntary. *Brady v. United States*, 397 U.S. 742, 750 (1970). Accordingly, by arguing that he was coerced into pleading guilty, Moore has attacked the voluntary or intelligent nature of his plea, which this Court may review as part of a habeas petition. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1974). Moore's objection that R&R should have considered this argument is well-taken, so the Court will consider the merits of his objection.

To be valid, a guilty plea must be made voluntarily and intelligently. *Id.* at 56. The plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady*, 397 U.S. at 748. To determine whether a plea satisfies this standard, the Court must evaluate all of the relevant circumstances surrounding the plea. *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). And for a petitioner to prevail on his claim, he must show that he was under such "misunderstanding, duress, or misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). However, in the context of a petition for writ of habeas corpus, "the state generally satisfies its burden [of establishing the voluntariness of the plea] by producing a transcript of the state court proceeding," because the "factual findings of the state court that

the plea was proper generally are accorded a presumption of correctness." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

Moore's claim that he was coerced into pleading guilty rests largely on Jones' statements that he was working to procure a favorable plea deal. Moore interpreted these statements as Jones' inability or unwillingness to go to trial and present a full-fledged defense. However, the plea hearing transcript shows that this was not the case. At Moore's plea hearing, Jones specifically stated "If he wants to go to trial, I'm ready to go, Judge. I'm ready to go." (*See* Plea Transcript, ECF No. 10-7 at PageID.148.) Further, at the plea hearing, the trial judge reiterated to Moore that taking the plea or going to trial was "entirely up to you, sir." (*Id.* at PageID.151.) Moore went on to acknowledge that he was surrendering the right to a trial, whether by judge or jury; the right to be presumed innocent until proven guilty; the right to cross-examine witnesses; the right to present witnesses; the right to testify in his own defense; the right to remain silent; and the right to claim that the plea was improperly entered. (*Id.* at PageID.154-56.)

Moore also admitted that he fired his rifle at the victim five times on the date in question, and that he did not have any legal right to shoot at the victim. (*Id.* at PageID.157-58.) Moore reiterated his guilt at sentencing, taking "full responsibility for what [he] did." (ECF No. 10-8 at PageID.170.) Given the evidence of his guilt, the fact that defense counsel advised Moore to plead guilty does not amount to coercion, particularly when considering the comparably favorable plea deal Jones was able to secure. Moore, if convicted at trial, faced a guidelines minimum sentence range of 135 to 225 months' imprisonment, but his

4

plea deal secured a sentence of only 72 months' imprisonment: less than half of what he faced had he been convicted at trial.

After consideration of all of the circumstances surrounding Moore's guilty plea, the Court finds that his plea was made knowingly, intelligently, and voluntarily. Thus, Moore's objection is meritless. The Court has reviewed the remainder of the R&R and finds no errors in the analysis or the conclusion. Accordingly,

**IT IS ORDERED** that the February 28, 2019 R&R (ECF No. 13) is **MODIFIED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection to the R&R (ECF No. 14) is **OVERRULED**.

**JUDGMENT TO FOLLOW**.

Date: January 31, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge